United States District Court
Southern District of Texas
**ENTERED**
November 10, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY DON LANGS, (TDCJ-CID #1688906) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION H-14-3028 |
| WILLIAM STEPHENS, et al., Defendants. | § § § § | |

## MEMORANDUM ON DISMISSAL

Larry Don Langs, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), sued in October 2014, alleging civil rights violations resulting from a denial of medical care, a denial of due process, and an improper work assignment. Langs, proceeding pro se and in forma pauperis, sues William Stephens, Director of TDCJ-CID; Tracy H. Bailey, Warden of Estelle Unit; Gregory M. Vaughn, major; and UTMB medical personnel.

The threshold issue is whether Langs's claims should be dismissed as frivolous. The court concludes that Langs's claims lack merit and should be dismissed for the reasons stated below.

### I. Plaintiff's Allegations

Langs states that he had polio as a child and this caused him to suffer from severe back pain. He also has chronic arthritis in his joints, which prevents him from moving and walking easily. Langs states that in 2005, the Social Security Administration determined that Langs was eligible for Supplemental Security Income ("SSI") because of his disabilities.

Langs complains that prison officials have denied him pain medication because he is allergic to Aspirin, Tylenol, Ibuprofen, Morphine, and Codeine. Langs states that he should not be required

to work, sit, bend, or use his hands for long periods of time. Langs states that he has repeatedly asked prison officials for pain medications and to be relieved of all work assignments.

Langs states that he was seen by Dr. Williams in September 2014. Dr. Williams refused to change Langs's high blood pressure medications because Langs had failed to comply with earlier medical orders. Langs alleges that he saw Dr. Williams in October 2014 for complaints of back pain. Langs alleges that Dr. Williams simply told Langs to get out of her office, without prescribing any pain medications. Langs states that on at least three occasions, he took an overdose of pills in order to receive proper pain medication in the free world.

Langs indicates that he is assigned to the medical squad. His job responsibilities include cleaning cooking pans. Langs states that he is unable to perform this job because he is unable to sit in one place for a long time. He further states that he is unable to scrub with his hands for more than ten minutes. Langs complains that medical personnel ignored his requests to be medically unassigned or not be required to work in a particular work assignment.

Langs provides an "Estelle Health Summary for Classification System Update Work Assignment Restrictions" which shows that Langs had the following restrictions: no lifting over twenty-five pounds; no climbing; no walking on wet, uneven surfaces; no work in direct sunlight; and no humidity extremes. (Docket Entry No. 1-2, p. 1).

On August 25, 2014, Langs filed a Step 1 Grievance, Grievance Number 2014204707, complaining of being forced to work even though he is disabled. He questioned whether the TDCJ had the authority to charge him with a disciplinary case for failing to work.

On September 9, 2014, Warden Brewer responded:

> Disciplinary Case #20140331632 has been reviewed and no

> procedural errors were identified. There were no apparent due process errors and punishment assessed was within agency guidelines. There is no reason to warrant overturning this case. No further action is warranted.

(Docket Entry No. 1-4, p. 6).

On September 15, 2014, Langs filed a Step 2 Grievance, Grievance Number 2014204707. Langs again argued that he should not be required to work because he is disabled. He again questioned the TDCJ's ability to punish inmates for refusing to work. On September 29, 2014, B. Parker responded:

> Disciplinary Case #20140331632 has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. All due process requirements were satisfied and the punishment assessed by the disciplinary hearing officer was within agency guidelines. No further action is warranted in this matter.

(*Id.* at 8.)

On September 3, 2014, Langs filed a Step 1 Grievance, Grievance Number 2015001971, complaining of being forced to work without compensation. Langs stated that he was a human being, and he was tired of watching fellow inmates being forced to cater to prison officials. He complained of having to serve juice and cold water to prison officials even though inmates had no such amenities. Langs alleged that being forced to work amounted to slavery.

On October 8, 2014, Warden Brewer responded:

> Your complaint has been noted by this office. After obtaining and reviewing statements from classification, you are assigned appropriately according to your medical restrictions. No further action is warranted by this office.

(Docket Entry No. 1-4, p. 2).

On September 29, 2014, Langs filed a Step 1 Grievance, Grievance Number 2015016306, complaining of being charged with a disciplinary violation on September 24, 2014. Langs stated that prison officials falsely charged him with possessing a shower towel, without specifying where the item was found. Langs alleged that there was no evidence linking the towel to him.

On October 9, 2014, Warden Brewer responded:

> Disciplinary Case #20150028420 has been reviewed and no procedural errors were identified. There were no apparent due process errors and punishment assessed was within agency guidelines. There is no reason to warrant overturning this case. No further action is warranted.

(Docket Entry No. 1-4, p. 4).

Langs seeks $250,000.00 in compensatory damages.

## II.    Standard of Review

A district court must sua sponte dismiss a prisoner's IFP § 1983 complaint if the action is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 1915(e)(2)(B)(i), the court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007) (citing *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998)). The court may dismiss the claim "'before service of process or before the filing of the answer' as long as certain safeguards are met." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990)). The Fifth Circuit reviews such dismissals for abuse of discretion. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v.*

*Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

### III. The Medical Care Claim

"[I]nadequate medical care by a prison doctor can result in a constitutional violation for purposes of a § 1983 claim when that conduct amounts to deliberate indifference to [the prisoner's] serious medical needs, constitut[ing] the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999)(quoting *Estelle v. Gamble,* 429 U.S. 97 (1976)). Under the "deliberate indifference" standard, a prison official is not liable for the denial of medical treatment "unless the official knows of and disregards an excessive risk to inmate health or safety." *Stewart*, 174 F.3d at 534 (citing *Estelle*, 429 U.S. at 104). While malpractice and negligent treatment do not rise to the level of a constitutional tort, *see Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993), a claim of "unnecessary and wanton infliction of pain repugnant to the conscience of mankind," can state a claim of a constitutional tort. *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997) (citing *Estelle,* 429 U.S. at 105-106).

In *Estelle,* the Supreme Court concluded:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle,* 429 U.S. at 104-05.

To state an Eighth Amendment claim, a plaintiff must allege a deprivation of medical care sufficiently serious to show that "the state has abdicated a constitutionally-required responsibility to attend to his medical needs," *Bienvenu v. Beauregard Parish Police Jury,* 705 F.2d 1457, 1460 (5th Cir. 1983), and that a prison official knew of and disregarded "an excessive risk to inmate health or safety." *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)). "For an official to act with deliberate indifference, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Smith v. Brenoettsy,* 158 F.3d 908, 912 (5th Cir. 1998)(quoting *Farmer,* 511 U.S. at 837). "Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk." *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994)(citing *Farmer,* 511 U.S. at 842 & n.8).

Under the facts alleged by Langs, this standard is not met. Langs has not demonstrated that the medical care provided to him posed a substantial risk to his future health. By his own admissions, Langs was examined by medical personnel and prescribed medications. Such evidence of examinations and treatment negate Langs's claim of deliberate indifference. *Bass v. Sullivan,* 550 F.2d 229 (5th Cir. 1977).

Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001)(citing *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985)). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or

engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson,* 759 F.2d at 1238. Furthermore, the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle,* 429 U.S. at 107. And the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer,* 511 U.S. at 838, 114 S. Ct. 1970. Therefore, Langs's claims should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2).

Langs also complains that TDCJ-CID medical personnel did not give him the correct medications to treat his severe pain. Langs states that prison officials have denied him pain medication because he is allergic to Aspirin, Tylenol, Ibuprofen, Morphine, and Codeine. Langs complains that he should have been given the proper medications to ensure that he was not in pain. (Docket Entry No. 9, Plaintiff's More Definite Statement, p. 4). "Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimizana,* 122 F.3d 286, 292 (5th Cir. 1997).

As noted, medical records of examinations, diagnoses, and medications rebut Langs's allegations of deliberate indifference. *Mendoza v. Lynaugh,* 989 F.2d 191, 193-95 (5th Cir. 1993). Langs admits that he was seen by medical personnel. Langs has not alleged facts demonstrating that the defendants were aware of, and disregarded, a substantial risk of harm to Langs. Nor did he suffer substantial harm as a result of not receiving a higher dosage of pain medication.

To establish an Eighth Amendment claim for denial of medical care, the inmate must show deliberate indifference to "serious" medical needs, "[b]ecause society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Constitutionally adequate care does not, however, ensure that an inmate will agree with every

treatment decision. *Estelle*, 429 U.S. at 107-08.

To succeed on his claims of denial of medical care, Langs must show (1) deliberate indifference (2) to a serious medical need. Accepting Langs's claims as true, he had a serious medical need. The question is thus whether he has shown that the defendants were deliberately indifferent to that need.

Langs has not alleged facts demonstrating the defendants were aware of, and disregarded, a substantial risk of harm to Langs. Nor did he suffer substantial harm as a result of the delay in treatment. Thus, Langs's claim based on deliberate indifference to his serious medical needs is DISMISSED as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

## IV. The Improper Work Assignment Claim

In *Jackson v. Cain*, 864 F.2d 1235 (5th Cir. 1989), the Fifth Circuit held that "[i]f prison officials knowingly put [a prisoner] on a work detail which they kn[o]w would significantly aggravate his serious physical ailment such a decision would constitute deliberate indifference to serious medical needs," and thus violate the Eighth Amendment. *Id.* at 1246; *see also Mendoza v. Lynaugh*, 989 F.2d 191, 194 (5th Cir. 1993) ("To be sure, if prison officials assign an inmate to work detail and they know that such an assignment could exacerbate a serious physical ailment, then such a decision could constitute deliberate indifference." (citing *Jackson*, 864 F.2d at 1246)). "[T]he constitutionality of a particular working condition must be evaluated in the light of the particular medical conditions of the complaining prisoner." *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989).

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court clarified the level of culpability that constitutes "deliberate indifference" as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837. Allegations of more than negligence are required. *See Farmer,* 511 U.S. at 835 ("While ... deliberate indifference entails something more than mere negligence, the cases are also clear that it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.").

In *Reeves v. Collins,* 27 F.3d 174 (5th Cir. 1994), the plaintiff testified at a *Spears* hearing that when detention officers ordered him to clean floor caulking, the plaintiff told the officers that he physically could not do the work and had medical restrictions from an earlier back injury. One of the officers threatened plaintiff with a disciplinary report for failure to obey a direct order if he failed to do the cleaning. As plaintiff worked at the cleaning job, his back began to hurt. The officers kept telling him to continue working without stopping, even after plaintiff informed them of his pain. While plaintiff continued with this work, his pain increased. At some point, he developed pain in his lower abdomen. Plaintiff finally left the wing after he observed a lump form on his abdomen. Subsequent medical examinations revealed that Reeves had a hernia. Plaintiff testified that if any one of these officers had checked into his medical restrictions, the onset of the hernia could have been avoided.

The Fifth Circuit concluded that even under the facts alleged, the deliberate indifference standard was not met. Even if the officers had checked, there were no current medical restrictions on the prisoner for his back. There was no objective indication that the prisoner had a hernia. The

court concluded that even though the prisoner complained of pain, the officer's insistence that he work amounted to no more than negligence. *See Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (defining "wanton").

Langs complains that he was forced to perform work despite his medical condition. This court construes Langs's allegations liberally because he is a pro se litigant. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

In *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94 (5th Cir.), *cert. denied*, 513 U.S. 883 (1994), the Fifth Circuit noted that when a court provides a plaintiff proceeding in forma pauperis with an opportunity to amend his complaint by answering a questionnaire, this opportunity "limits our license to engage in speculation as to the existence of additional facts." *Id.* at 97. The questionnaire in *Macias* contained questions that "were specifically tailored to elicit relevant facts that might support [the plaintiff's] claims." *Id.*

Similarly, the interrogatories posed by this court in its questionnaire asked for information concerning the defendants' statements, conduct, and their knowledge of Langs's condition. Langs has had an opportunity to clarify his allegations with respect to the defendants' state of mind. This court has provided Langs an opportunity to state his allegations more specifically. *See Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994) (holding that district court abused its discretion in dismissing in forma pauperis complaint without providing plaintiff with opportunity to offer more detailed factual allegations); *see also Mitchell v. Sheriff Dep't, Lubbock Cnty., Tex.*, 995 F.2d 60, 62-63 (5th Cir. 1993) (vacating and remanding district court's § 1915(d) dismissal of in forma pauperis complaint because plaintiff's allegations were unclear).

Langs's complaint does not contain allegations of more than negligence. According to

Langs, he was forced to work in the medical squad, cleaning dishes. He states that he performs his work assignment in the gym, where it is cold in the winter and hot in the summer. Langs contends that he should not be required to work because he suffers from chronic pain resulting from polio and arthritis.

On December 12, 2014, this court entered an Order for More Definite Statement in which this court posed specific questions concerning Langs's medical condition and current work restrictions. (Docket Entry No. 8). Langs explains that he was required to clean pans in the gym. When asked if he informed the defendants of his medical condition, Langs stated that the classification department deferred to the medical department, and the medical department, in turn, failed to respond. (Docket Entry No. 9, Plaintiff's More Definite Statement, p. 6).

When asked to explain why his medical restrictions conflicted with his duties of his job assignment, Langs stated he cannot perform any job because he is unable to move or sit in one position for any amount of time. He further states that he is unable to scrub with his hand or hold anything in his hands for more than ten minutes. He states that the cold often aggravates the pain. (Docket Entry No. 9, p. 6).

This court understands Langs to argue that defendants exposed him to an unreasonable risk of harm to his health by failing to impose proper medical restrictions on his work assignment and requiring that he work on the medical squad. This court reviews the constitutionality of assigning Langs to the medical squad in light of Langs's medical history. *Jackson v. Cain,* 864 F.2d 1235, 1246 (5th Cir. 1989). Medical personnel evaluated Langs's physical condition and imposed the following work restrictions: no lifting over twenty-five pounds; no climbing; no walking on wet, uneven surfaces; no work in direct sunlight; and no humidity extremes. (Docket Entry No. 1-2, p.

1). Medical personnel determined that Langs could safely work in the medical squad with the mentioned work restrictions. Even if Langs's allegations are taken as true, he has not alleged a constitutional violation, as he does not allege that prison officials knowingly forced him to perform work assignments which were inconsistent with his work restrictions or that they knowingly imposed work restrictions that were beyond his physical capabilities. *See Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989); *Mendoza v. Lynaugh*, 989 F.2d 191, 194 (5th Cir. 1993). Even if the defendants were negligent in establishing his work restrictions or making his job assignment, such negligence is not unconstitutional. *See Jackson*, 864 F.2d at 1246.

Although Langs claims to have a history of arthritis and polio, he has failed to show that defendants knowingly assigned him to a work assignment knowing that the classification would significantly aggravate his condition. The defendants were apparently aware of Langs's limited mobility because they imposed work restrictions of no lifting over twenty-five pounds; no climbing; and no walking on wet, uneven surfaces.

The defendants took steps to ensure that Langs was not placed in a work assignment that would aggravate his existing medical conditions. Langs's disagreement with his medical classification does not state a constitutional claim. *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989).

Nothing in Langs's pleadings suggests that Langs was forced to work in the medical squad after informing the defendants that such work detail would aggravate Langs's medical condition. Langs does not allege that the defendants were aware of a substantial risk that Langs might be seriously harmed by working in the medical squad.

Langs has not alleged facts that, if proven, would show that any of the named defendants

11/6/15 O:\RAO\VDG\2014\14-3028.d01.wpd

12

knew of, and disregarded, a substantial risk to Langs's health and safety. From the pleadings, it appears that prison officials were aware of Langs's medical restrictions and were taking steps to ensure that his work assignment was consistent with those medical restrictions. Langs filed a grievance complaining of his improper work assignment, and prison officials determined that Langs's work assignment was consistent with his medical restrictions.

The facts Langs alleges do not demonstrate that he faced an obvious risk to his health or safety in working in the medical squad. Langs's claim is "premised on an 'indisputably meritless legal theory,'" *Boyd v. Biggers,* 31 F.3d 279, 281 (5th Cir. 1994)(quoting *Neitzke,* 490 U.S. at 327), in light of the *Farmer* standard for deliberate indifference and the Fifth Circuit's holding in *Jackson,* 864 F.2d at 1246.

Langs's improper work assignment claim lacks an arguable basis in law and is dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

## V.     The Due Process Claim

Langs claims that the disciplinary hearing officer, Captain Jones, violated his right to due process guaranteed by the Fourteenth Amendment by finding him guilty of failing to report to his work assignment without a legitimate reason. Prisoners charged with rule infractions are entitled to certain due process rights under the Fourteenth Amendment when disciplinary action may result in a sanction that impinges upon a liberty interest. *Hudson v. Johnson,* 242 F.3d 534, 535-36 (5th Cir. 2001). In Texas, however, only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. *Malchi v. Thaler,* 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle,* 65

F.3d 29, 31-33 (5th Cir. 1995).

Langs indicates that he is entitled to release to mandatory supervision. (Docket Entry No. 9, p. 9). Because Langs is eligible for release on mandatory supervision as he asserted, he has a liberty interest in his good time credits or other punishments imposed as a result of the disciplinary hearing. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). To recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* If a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* A "conviction" for purposes of *Heck* includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits. *Edwards v. Balisok*, 520 U.S. 641 (1997).

Langs does not allege, and the record does not show, that his disciplinary conviction has been invalidated. A favorable judgment on Langs's claims would necessarily imply the invalidity of Langs's disciplinary conviction, thus, barring the claims under *Heck*.

The court determines, in the alternative, that Langs's due process claim lacks merit. Procedural protections in the context of prison discipline is not the same as due process in the

criminal law context because "[p]rison discipline proceedings are not a part of a criminal prosecution, and the full panoply of rights due a criminal defendant does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Supreme Court has historically held that the Due Process Clause is applicable to disciplinary proceedings where a prisoner is threatened with a loss of good-time or the imposition of solitary confinement. *Id.* The Court held that inmates must be afforded written notice of the claimed violation at least twenty-four hours before a disciplinary hearing, a written statement of the fact finders as to the evidence relied on and reasons, and the right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals.

The Supreme Court subsequently limited challenges to disciplinary cases in *Sandin v. Conner*, 515 U.S. 472 (1995). The Court referred to its discussion in *Wolff v. McDonnell*, regarding solitary confinement as "dicta." *Id.* The Supreme Court went on to hold that when discipline, even segregated confinement, did not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," there was no "protected liberty interest" that would entitle the inmate to the procedural protections set forth in *Wolff. Id.* at 486.

The Fifth Circuit has applied *Sandin* to a number of situations. Punishment consisting of placement in administrative segregation or the loss of the opportunity to earn good-time is not enough to trigger the protection of the Constitution. *Luken v. Scott,* 71 F.3d 192 (5th Cir. 1995). The loss of the opportunity to earn good-time will not trigger the protection of the Constitution even when an inmate is eligible for mandatory supervision. *Malchi v. Thaler,* 211 F.3d 953 (5th Cir. 2000). The imposition of commissary and cell restrictions likewise will not trigger the protection of the Constitution. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997). The loss of good-time

will not support relief to the extent that it adversely affects parole eligibility. *Sandin,* 515 U.S. at 487. However, the loss of good-time will trigger the protection of the Constitution if, and only if, a prisoner is eligible for release on mandatory supervision. *Madison v. Parker,* 104 F.3d at 769.

In disciplinary cases numbers 20140165260 and 20140164117, Langs's punishment consisted of a loss of commissary and recreation privileges. The restrictions on Langs's privileges are merely changes in the conditions of his confinement, which do not implicate due process concerns. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997). They are not penalties that would be considered "the type of atypical, significant deprivation" that would be actionable. *Id. See also Malchi v. Thaler,* 211 F.3d 953, 958 (5th Cir. 2000); *Pichardo v. Kinker,* 73 F.3d 612, 612-13 (5th Cir. 1996).

In disciplinary case number 20150147115, Langs's punishment consisted of a loss of privileges as well as the loss of thirty days good-time credit. In finding Langs guilty, the hearing officer relied on the accusing officer's report. The hearing officer imposed the punishment because Langs's conduct would not be tolerated. (Docket Entry No. 10-1, p. 2). Langs waived his right to written notice of the claimed violation at least twenty-four hours before the disciplinary hearing. He was provided with a written statement of the fact finders as to the evidence relied on and reasons, and the right to call witnesses and present documentary evidence.

Langs's due process claim is dismissed as frivolous. 28 U.S.C. § 1915A(b)(1).

## VI. Conclusion

The action filed by Larry Don Langs (TDCJ-CID Inmate #1688906) lacks an arguable basis in law. His claims are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Langs's motion to add into evidence, (Docket Entry No. 13), motion to add party, (Docket Entry No. 14), motion to add facts for consideration, (Docket Entry No. 18), motion for appointment of counsel, (Docket

Entry No. 19), and motion to compel release of medical records, (Docket Entry No. 21), are DENIED as moot. Any remaining pending motions are denied as moot.

The TDCJ-CID must continue to deduct twenty percent of each deposit made to Langs's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on Nov. 6, 2015.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE